IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-12-161-S-02 |
| | § | |
| ALLET ALEX KHEIR, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Kheir's Motion to Dismiss Superseding Indictment (Docket Entry No. 205). Having carefully considered the motion, Defendant Kheir's Supplement to Motion to Dismiss Superseding Indictment (Docket Entry No. 223), Defendant Kheir's Second Supplement to Motion to Dismiss Superseding Indictment (Docket Entry No. 227), the United States' Sealed Response to Defendant Alex Kheir's Motion to Dismiss (Docket Entry No. 228), and Defendant Kheir's Reply to Government's Response to Second Supplement to Motion to Dismiss Superseding Indictment (Docket Entry No. 229), the court is persuaded that Kheir's motion should be granted as to Counts Three and Four of the Superseding Indictment (Docket Entry No. 169), but should otherwise be denied.

On September 13, 2012, Kheir and his attorneys met with agents and attorneys of the government pursuant to a proffer agreement executed that day. The proffer agreement stated:

In order to assure that there are no misunderstandings concerning the meaning of "off-the-record," I am writing to clarify the ground rules for any "off-the-record" proffer or discussion with your client. **First,** statements made by or other information provided by your client during the "off-the-record" proffer or discussion will not be used against your client in any criminal case, including sentencing in your case, except as outlined above and in <u>Sentencing Guidelines</u> § 1B1.8(a) and (b), and the United States will comply with its obligations under Title 18, United States Code, Section 3661 and Application Note 1 of § 1B1.8. **This proffer does not apply to information related to crimes of violence.**

**Second,** the United States may make derivative use of and may pursue any investigative leads suggested by any statements made by or other information provided by your client, except with respect to evidence concerning the investigation on March 1, 2012. This provision is necessary in order to eliminate the necessity for a <u>Kastigar</u> hearing at which the United States would have to prove that the evidence it would introduce at trial is not tainted by any statements made by or other information provided by your client during the "off-the-record" proffer or discussion.

During Kheir's proffer he disclosed that on March 1, 2012, he had removed the hard drive from a security camera at a warehouse and hidden it in the ceiling of the warehouse. The government later retrieved the hard drive and reviewed its contents. On October 17, 2012, FBI Agent Mario S. Aguilar testified before the Grand Jury about the conduct of Kheir in removing the hard drive from the security camera and hiding it in the ceiling of the warehouse. Agent Aguilar's testimony included the following exchange:

Page 26, Lines 3-12:

Q. And does it show and corroborate the criminal activity of cleaning, shipping, receiving stolen over-the-counter medication and baby formula?

A. Yes. It shows two clear dates on the February 24th where they were bringing in Similac, not in the proper wrappings that it should be, or genuine boxes, but they're being put into a six-packs -- or a six-tray and they're being stacked up for shipment from Houston to New Jersey. And it displays that activity on the 24th and again on the 28th of February.

On October 17, 2012, the Grand Jury returned a Superseding Indictment. Kheir and co-defendant Sameh Khaled Danhach were charged in Counts Three and Four with interstate transportation of stolen goods on February 24, 2012, and February 28, 2012. It is clear from the transcript of the October 17, 2012, Grand Jury proceeding that Counts Three and Four were based upon Agent Aguilar's review of the hard drive hidden by Kheir on March 1, 2012, which Kheir disclosed to the government during his September 13, 2012, proffer session. The court concludes that the use of the hard drive and its contents to indict Kheir on Counts Three and Four of the Superseding Indictment violated the proffer agreement. The second paragraph of the proffer agreement expressly prohibited the government from making derivative use of evidence concerning the investigation on March 1, 2012.

The government argues in its Response (Docket Entry No. 228) that other testimony by Agent Aguilar to the Grand Jury supports

Counts Three and Four of the Superseding Indictment.[1] The court is not persuaded by the government's argument. Although Agent Aguilar's testimony at pages 17 and 18 of the Grand Jury proceeding supports Count One of the Superseding Indictment, this testimony contains no reference to the receipt of stolen baby formula on February 24 or February 28, 2012. But elsewhere in his testimony Agent Aguilar specifically described the receipt of stolen baby formula on February 24 and 28, 2012, as shown on the hard drive. No other evidence was presented to the Grand Jury to support Counts Three and Four of the Superseding Indictment.

The court concludes that the only evidence supporting Counts Three and Four of the Superseding Indictment came from the contents of the hard drive disclosed by Kheir during his proffer session, and that the use of this information violated the terms of Kheir's proffer agreement. Although the government has argued that it is not bound by the proffer agreement because Kheir violated the terms of the agreement, the court ruled on February 8, 2013, that the government had not shown that Kheir violated the proffer agreement. Accordingly, Defendant Kheir's Motion to Dismiss Counts Three and

---

[1]The government quotes Exhibit A, which is the transcript of a March 14, 2012, Grand Jury proceeding. The quoted language does not appear in that transcript, however, but in the transcript of the October 17, 2012, Grand Jury proceeding, which is attached as Exhibit A to Defendant Kheir's Reply to Government's Response to Second Supplement to Motion to Dismiss Superseding Indictment (Docket Entry No. 229). It appears that the government attached the wrong transcript to its Response.

Four of the Superseding Indictment (Docket Entry No. 205) is **GRANTED**, and Counts Three and Four are **DISMISSED** as to defendant Allet Alex Kheir.

Kheir also argues that Counts One, Two, and Five of the Superseding Indictment should be dismissed. The court stated at the February 8, 2013, hearing that it was not inclined to dismiss those counts for the reasons explained at the hearing. Kheir has presented nothing in his subsequent briefing to persuade the court that a different result is warranted. Although Defendant Kheir's Second Supplement to Motion to Dismiss Superseding Indictment (Docket Entry No. 227) quotes testimony by Agent Aguilar obtained from Kheir's proffer session that does support Count One of the Superseding Indictment (Docket Entry No. 227 at page 6), Agent Aguilar presented substantial additional evidence, independent of Kheir's proffer session, to support Count One of the Superseding Indictment. Accordingly, Defendant Kheir's Motion to Dismiss Counts One, Two, and Five of the Superseding Indictment (Docket Entry No. 205) is **DENIED**.

**SIGNED** at Houston, Texas, on this 20th day of February, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE